# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY K. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-0190-CV-W-ODS-P |
| ) | |
| STEVEN MOORE, et al., ) | |
| ) | |
| Respondents. | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2000 convictions and sentences for six (6) counts of second degree statutory sodomy and one (1) count of first degree sexual misconduct, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner raises the following four (4) grounds for relief: (1) denial of due process and right to fair and impartial jury when the trial court limited voir dire on the subject of petitioner's right to not testify; (2) denial of due process when the trial court sentenced petitioner as a prior offender, without jury recommendation of sentence, because it relied on false information representing previous misdemeanor convictions as felonies; (3) denial of due process due to faulty jury instructions which failed specifically to identify the criminal acts charged; and (4) denial of due process, fair trial, and effective assistance of counsel due to failure of trial counsel to object to a question by the state eliciting an improper opinion.

Respondents concede that petitioner has exhausted his state remedies for Grounds 1, 3, and 4, but maintain that they are without merit. Further, respondents contend that petitioner failed to raise Ground 2 in his direct appeal, making that claim procedurally barred.

**Procedurally Defaulted Ground 2**

In Ground 2, petitioner contends that he was denied his right to due process guaranteed under the Fourteenth Amendment to the U.S. Constitution because the trial court relied on false information in determining petitioner's status as a prior offender. Petitioner asserts that the offenses relied upon as proof of prior felonies were actually misdemeanor convictions, contrary to provisions of Rev. Stat. Mo. §558.016, and that the trial court sentenced petitioner without jury recommendation based on conclusions made due to the false information. Petitioner failed to present Ground 2 to the state courts in his direct appeal. Doc. 1 at 14.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

If petitioner contends that ineffective assistance of direct appeal counsel and/or Rule 29.15 appellate counsel caused his state procedural default[1], he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in

---

[1]Although petitioner raised a pro se ground in his 29.15 motion, see Resp. Ex. G pp. 220-21, petitioner failed to raise such a claim in his 29.15 appeal brief. Resp. Ex. H and J.

2

order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Petitioner raised a claim that there was insufficient evidence to support a prior offender finding in a Missouri state habeas action. Doc. No. 1 at 14. However, state habeas petitions "cannot be used as a vehicle for raising questions that could have been raised on direct appeal or in a Rule 27.26 [predecessor of Rule 29.15] proceeding." Charron v. Gammon, 69 F.3d 851, 857 (8th Cir. 1995), cert. denied, 518 U.S. 1009 (1996). Because petitioner failed properly to present the alleged ineffectiveness of direct appeal counsel concerning Ground 2 to the state courts, he has failed to demonstrate legally sufficient cause for his default. Moreover, ineffective assistance of post-conviction counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

In a motion filed pursuant to Mo. Sup. Ct. R. 29.05, petitioner also raised a claim that the trial court erred in sentencing petitioner as a prior offender because petitioner allegedly was not convicted of a prior felony. Doc. No. 1, Petitioner's Exhibit A, pp. 2-4. Petitioner's motion failed for three reasons: (1) 29.05 motions pertain to jury sentences and not to sentences assessed by a court, State v. Smith, 633 S.W.2d 253, 254 (Mo. Ct. App. 1982); (2) petitioner filed the motion two years after his trial when the trial court no longer had jurisdiction; and (3) petitioner waived his challenge by not raising it at trial, in his Motion for Judgment of Acquittal notwithstanding the Verdict of the Jury or, in the Alternative, for a New Trial, in his direct appeal, or in his Rule 29.15 Motion. Petitioner is barred from using a Rule 29.05 Motion to raise claims that were available at trial and which could have been raised by direct appeal. Cf. State v. Hunter, 840 S.W.2d 850, 860 (Mo. banc. 1992), cert. denied, 509 U.S. 926 (1993) (applying same

3

standard to any post-conviction motion).

Petitioner also apparently alleges that, when the state prosecutor withdrew the documents used as proof of petitioner's alleged prior felony convictions (Resp. Ex. A. at 164), the prosecutor interfered with petitioner's appeal process, thus creating cause and excusing procedural default. The factual basis for a habeas claim must be developed in the state court proceedings unless petitioner can show that his claim relies on a new, retroactive law or unless that, in the exercise of due diligence, he could not have previously discovered the facts. Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005). Petitioner does not claim that the actions of the state prosecutor made it impossible or difficult for him, in the exercise of reasonable diligence, to discover these facts soon enough to exhaust the state remedies available to him. See Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002); cert. denied, 537 U.S. 1236 (2003). Therefore, petitioner has failed to allege sufficient cause for his state procedural default of Ground 2.

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Ground 2 will be denied.

### **Grounds 1, 3, and 4**

In Ground 1, petitioner contends that, by limiting voir dire on the subject of petitioner's right to not testify, the trial court denied him due process and the right to a fair and impartial jury. Petitioner claims the trial court should not have prohibited defense counsel from asking the venire "is there anyone here who thinks that an accused person should have to testify?" was improper because the question was designed

4

to determine whether the jury would be biased and prejudiced against him for his failure to testify. The Missouri Court of Appeals denied this claim as follows:

> Our standard of review in determining whether the trial court erred in preventing the appellant from asking the challenged *voir dire* question is set out in *State v. Oates*, **12 S.W.3d 307 (Mo. banc 2000)**. There, the Supreme Court said:
>
>> A defendant is entitled to a fair and impartial jury. A necessary component of a guarantee for an impartial jury is an adequate *voir dire* that identifies unqualified jurors. However, the trial judge is vested with the discretion to judge the appropriateness of specific questions, and is generally vested with wide discretion in the conduct of *voir dire*. The judge is in the best position to determine 'whether a disclosure of facts on *voir dire* sufficiently assures the defendant of an impartial jury without at the same time amounting to a prejudicial presentation of the evidence.' Rulings by the trial court are reviewed only for an abuse of discretion. An appellate court will find reversible error only where an abuse of discretion is found and the defendant can demonstrate prejudice. Where an appellant claims that a trial court abused its discretion in conducting the *voir dire*, he has the burden of showing a 'real probability' that he was prejudiced by the abuse.
>
> *Id.* **At 310-11** (citations omitted) (emphasis in original).
>
> This court has previously held that a criminal defendant, in order to effectively exercise his or her Fifth Amendment right not to be compelled to testify, has a right to ask of the venire "whether they will draw an adverse inference if defendant fails to testify." *State v. Clement*, **2 S.W.3d 156, 159-60 (Mo. App. 1999)** (citation omitted). The State, however, contends that the challenged *voir dire* question asked by appellant's counsel was different in that it did not ask whether an impermissible adverse inference would be drawn if the appellant did not testify, but asked whether the venire "thought" defendants should be forced to testify. The State also points out that in the cases cited by the appellant, *Clement* and *State v. Clark*, **981 S.W.2d 143 (Mo. banc 1998)**, for the proposition that a criminal defendant has an absolute right to ask the question concerning a defendant's right not to testify, counsel was never allowed to ask any questions with respect to that issue, which was not the case here. In any event, we need not decide whether the trial court erred in excluding the challenged *voir dire* question in that, even if it did, the record does not support a finding of a real probability of prejudice therefrom sufficient to find reversible error.

> The record reflects that after the trial court sustained the State's objection to defense counsel's *voir dire* question, he was allowed to ask the venire whether there was anyone who could not follow an instruction of the trial court that if the appellant chose not to testify, they could not draw an adverse inference therefrom, to which there were no responses. In addition, the record reflects that the jury was subsequently instructed, pursuant to **MAI-CR 3d 308.14.1**, that the appellant had no obligation to testify and no adverse inference could be drawn from the fact he did not. The record further reflects that the jury acquitted the appellant of one count of statutory sodomy and one count of sexual misconduct, from which it could be reasonably inferred that the jury did not hold the appellant's failure to testify against him. *State v. Bolen*, **731 S.W.2d 453, 460 (Mo. App. 1987)**. Given these circumstances, we fail to find a reasonable probability of prejudice from the trial court's failure to allow appellant's counsel's voir dire question as to the venire's feelings with respect to the appellant's right not to testify.

Resp. Ex. F. at 4-6.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1) (2003).[2] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

Although the trial court did deny the petitioner's desired voir dire question, petitioner's rights were not denied. The trial court allowed defense counsel to inform the jury of the appropriate standard and to remind the jury that "the Court's instructions read that no presumption of guilt may be raised and no inference of any kind can be drawn if he chooses not to testify." Resp. Ex. A. at 107-08. The Missouri

---

[2]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Court of Appeals' resolution of this claim was not based on an unreasonable determination of the facts or on a misapplication of federal constitutional law. See 28 U.S.C. 2254(d)(1) and (2); Mu'Min v. Virginia, 500 U.S. 415, 423 (1991) (giving trial judges broad discretion in conducting voir dire); Ramsey v. Bowersox, 149 F.3d 749, 756 (8th Cir. 1998) (giving trial judges broad discretion to decide how to conduct voir dire and recognizing that a trial judge's refusal to ask certain voir dire questions is proper when "the judge's overall examination, coupled with the charge to the jury, adequately protects the defendant from prejudice."); cert denied 525 U.S. 1166 (1999). Ground 2 will be denied.

In Ground 3, petitioner states that the jurors were given nearly identical instructions, which failed specifically to differentiate the criminal acts, resulting in denial of his right to due process. The Missouri Court of Appeals denied this claim stating:

> In reviewing the record as a whole, it is reasonable to conclude that the jury understood that each count submitted was to be considered separately and was able to differentiate between the counts as to the alleged incidents of sodomy. In that regard, not only was the jury instructed to consider each count separately, pursuant to Instruction No. 5, but during closing argument, the prosecutor identified in great detail the specific evidence relating to the individual circumstances of each count. And, although we recognize that the jury's note to the trial court during deliberations may be some evidence of confusion, as the appellant contends, the fact that the jury subsequently acquitted the appellant on one of the sodomy counts would be some indication that it was ultimately able to differentiate between them. Further support for why the jury was not misdirected by the submission of the identical verdict directors can be found in the fact that the appellant's defense to the offenses, that the victims made up the charges because they were mad at him, was not dependent on the differentiation between counts. Under these circumstances, we cannot say that the trial court, in giving the verdict directors in question, misdirected or failed to instruct the jury to such an extent that manifest injustice or a miscarriage of justice resulted therefrom.

Resp. Ex. F at 11-12.

In determining instructional error, federal courts must decide "whether the ailing instruction by itself

7

so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991); see also Griffin v. Delo, 33 F.3d 895, 904 (1994) (holding that due process is denied when the error fatally infects the trial); cert. denied, 514 U.S. 1119 (1995). The instruction is judged within the context of the instructions as a whole and the trial record. Id.

In his closing argument, the prosecutor set out each sodomy charge to the jury regarding the time frame and location of each charge. Resp. Ex. A at 517-23. As respondents contend, the jury demonstrated its ability to apply the facts of Johnson's case to the court's instructions by choosing to acquit him of count seven. The ruling of the Missouri Court of Appeals shows a reasonable application of clearly established federal law that was not contrary to any Supreme Court ruling.

In Ground 4, the petitioner claims he was denied due process, a fair trial, and effective assistance of counsel when trial counsel failed to object to the state attorney's question, "[T.C.], as you sit here today, do you believe [MW]?" The Missouri Court of Appeals established that:

> Ineffective assistance of trial counsel claims are governed by the two prong test set forth in ***Strickland v. Washington,*** **466 U.S. 668, 104 S.Ct. 2052, 30 L.Ed.2d 674 (1984)**. First, Mr. Johnson has to show that his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. ***Id*. at 687.** Second, if the performance of Mr. Johnson's trial counsel was deficient, it must also be shown that Mr. Johnson was prejudiced by the deficiency. ***Id*. at 694.** The prejudice prong of the test is satisfied when there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. ***Id***. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Moore v. State***, **827 S.W.2d 213, 215 (Mo. banc 1992)**. If Mr. Johnson fails to satisfy one of the two prongs of the ***Strickland*** test, the other prong need not be addressed on review and the claim of ineffective assistance of counsel must fail. ***State v. Nunley*, 980 S.W.2d 290, 292 (Mo. banc 1998),** ***cert. denied*, 526 U.S. 1100, 119 S.Ct. 1580, 143 L.Ed.2d 674 (1999)**.

Resp. Ex. J at 8-9.

8

The Missouri Court of Appeals found the following with regard to Ground 4:

> Mr. Johnson claims that his trial counsel was ineffective for failing to object to a question that the prosecutor posed to T.C., the State's first witness, during redirect examination. Mr. Johnson claims that this question was objectionable because it asked for T.C.'s opinion regarding the credibility of M.W. and invaded the jury's province. His argument fails, however, to address his trial counsel's cross-examination of T.C. in which trial counsel elicited testimony from T.C. concerning M.W.'s credibility . . . In response to trial counsel's cross-examination, the State asked [the question] during redirect examination of T.C. The record reflects that trial counsel was not ineffective for failing to object to the State's question during redirect examination.
>
> On redirect examination, "[i]t is proper . . . to examine a witness on any matter which tends to refute, weaken or remove any unfavorable inferences resulting from testimony on cross-examination." ***Galindo v. State*, 30 S.W.3d 900, 903 (Mo. App. S.D. 2000) (quoting *State v. McWhorter*, 836 S.W.2d 506, 508 (Mo. App. W.D. 1992))**. Moreover, when the defendant has injected an issue into the case, the State may be allowed to admit otherwise inadmissible evidence in order to explain or counteract a negative inference raised by the issue defendant injects. ***Lingar*, 726 S.W.2d at 734-35 (citing *State v. Starr*, 492 S.W.2d 795, 799 (Mo. banc 1973))**. In this case, trial counsel was not ineffective for failing to object to the State's question to T.C. on redirect examination. The record reflects that trial counsel injected the issue of M.W.'s credibility on cross-examination. Once trial counsel injected the issue, the State was permitted to pursue T.C.'s opinion of M.W.'s credibility on redirect examination to refute or weaken any unfavorable inference that T.C. did not believe M.W. Even if trial counsel had objected, it would not have been sustained because the State was allowed to pursue on redirect the issue that trial counsel had injected on cross-examination. Counsel is not ineffective for failing to make a useless objection. ***State v. Kenley*, 952 S.W.2d 250, 271 (Mo. banc 1997), *cert. denied*, 522 U.S. 1095, 118 S.Ct. 892, 139 L.Ed.2d 878 (1998) (citing *State v. Sutherland*, 939 S.W.2d 373, 380 (Mo. banc), *cert. denied*, 522 U.S. 871, 118 S.Ct. 186, 139 L.Ed.2d 125 (1997))**. Here, such an objection would not have been sustained.
>
> Further, Mr. Johnson suffered no prejudice as a result of trial counsel's failure to object. Even though the State elicited testimony from T.C. that he believed M.W., the jury did not convict Mr. Johnson of any offense concerning his conduct towards M.W. Rather, the jury found Mr. Johnson not guilty on the only charge alleging that Mr. Johnson had inappropriate sexual contact with M.W.

Resp. Ex. J at 9-11.

The Missouri Court of Appeals properly applied the United States Supreme Court's holding in Strickland in concluding that petitioner's ineffectiveness of counsel claim was without merit. See U.S. v. Beason, 220 F.3d 964, 968 (8th Cir. 2000) (otherwise inadmissible evidence is permitted to clarify or rebut an issue opened up by the defense counsel on cross-examination). Furthermore, as respondent contends, petitioner cannot show prejudice where the jury acquitted him of the only charge relating to the alleged attorney error and evidence. Thus, the state appellate court's denial of petitioner's claim was not based on an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." Clearly, the State may pursue previously inadmissible evidence if it is injected into trial by the defense. Mr. Johnson suffered no prejudice and, therefore, has no claim. Grounds 1, 3, and 4 will be denied.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

/s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri

Dated: 6/30/05